```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF LOUISIANA

CHRISTOPHER THARPE                                CIVIL ACTION

V.                                                NO. 15-417

GALLIANO MARINE SERVICE, LLC                      SECTION "F"
and BENCHMARK MARINE SERVICE, LLC
```

ORDER & REASONS

Before the Court are two interconnected motions: 1) the plaintiff's motion to continue the trial; and 2) the defendants' motion to strike evidence. For the reasons that follow, the motion to continue is DENIED and the motion to strike is GRANTED IN PART and DENIED IN PART.

**Background**

This marine personal injury lawsuit arises from the plaintiff's claim that he suffered injuries to his neck and back on board the M/V MS. CHARLOTTE when a watertight door swung open and knocked him to the floor. The alleged incident occurred during the course of his employment for Galliano Marine Service, LLC on September 2, 2014.

Shortly after the incident, the plaintiff received medical treatment from Houston orthopedic surgeon, Dr. Zoran Cupic. Dr. Cupic ordered an MRI of the plaintiff's neck and back and also prescribed physical therapy. Several months later, the plaintiff began receiving treatment from Dr. Rand Voorhies, a neurosurgeon.

1

On June 19, 2015, Dr. Voorhies issued a report recommending that the plaintiff undergo neck surgery at the C5-6 and C6-7 discs. The plaintiff demanded that the defendants pay for the surgery. Upon hiring an independent medical examiner, the defendants discovered medical records that revealed the plaintiff had suffered previous injuries in a vehicle accident. At the recommendation of their independent neurosurgeon, Dr. Gabriel Tender, the defendants refused to fund the surgery.

On July 30, 2015, Dr. Voorhies referred the plaintiff to a neuropsychologist for evaluation of the emotional effects of a potential surgery. In his referral letter, Voorhies explains that he reviewed the MRI that the plaintiff received a few days after the incident. Describing "minimal abnormalities at L4-5 and L5-S1," he stated, "I do not see anything dangerous or worrisome." To determine which areas were generating pain, however, Dr. Voorhies explained that "a discogram[1] would be required."

Plaintiff's counsel forwarded Dr. Voorhies' July 30 report to defense counsel on November 9, 2015. Plaintiff's counsel sought the defendants' approval for the discogram procedure, noting that "our client may undergo this procedure through other financial means if your client does not authorize and approve the surgery." On December 15, 2015, the defendants declined authorization of the

---

[1] The Court takes notice that a discogram is a procedure used to determine if one or more discs are the cause of back pain.

2

discogram based on an assessment by the defendant's independent medical examiner, Dr. Tender.

On the same day - December 15, 2015 - the plaintiff underwent the discogram procedure performed by Dr. Voorhies. The following day, Dr. Voorhies issued a report in which he recommended surgery on the plaintiff's L4-5, C5-6, and C6-7.[2] Although Dr. Voorhies issued his report on December 16, 2015, plaintiff's counsel did not send it to defense counsel until January 22, 2016, one day after the discovery deadline had expired and over a month after the plaintiff's (already extended) expert report deadline.

Additionally, on January 29, 2016, the plaintiff's counsel forwarded to the defendants a January 22, 2016 report by orthopedic surgeon, Dr. Thomas Lyons. Dr. Lyons reported that the plaintiff complained of pain in his left knee that began six months earlier. The doctor recommended a MRI of the left knee.

I.

The trial date in this case is March 7, 2016. The plaintiff requests a continuance on two grounds. First, Dr. Voorhies recommended on December 16, 2015 that the plaintiff undergo back and neck surgery. The defendant's independent medical examiner, Dr. Tender, has not yet assessed Dr. Voorhies' report to help the defendants decide whether to authorize and pay for the surgery or

---

[2] The C5-6 and C6-7 are discs located in the neck area. The L4-5 is a disc in the lower back area.

3

to deny the surgery and mount a defense. Second, the plaintiff is waiting to schedule the MRI that Dr. Lyons recommended on January 22, 2016 in connection with the plaintiff's left knee pain. The cause and extent of the knee injury, the plaintiff contends, will be unknown until after the doctor can review the MRI.[3]

Interconnected with the plaintiff's motion to continue is the defendants' motion to strike the expert reports of Drs. Voorhies and Lyons. The defendants contend that the untimely medical reports are highly prejudicial. Underlying the defendants' motion is their position that any existing injury to the plaintiff's neck or back occurred as the result of a car crash in which the plaintiff was involved in 2012.[4] Indeed, the defendants appear highly skeptical as to whether the accident on board the M/V MS. CHARLOTTE ever actually occurred.

If the Court strikes the untimely medical reports, the plaintiff's grounds to continue the trial fall from beneath him. Accordingly, the Court considers the motions in unison.

## II.

Once a scheduling order is issued, the "schedule may be modified only for good cause and with the judge's consent." Fed.

---

[3] The plaintiff claims to be in the process of scheduling the MRI.
[4] The defendants contend that the plaintiff denied any history of neck or back injury during his pre-employment evaluation. The defendants submit that they have rightfully refused to approve the neck surgery because the plaintiff was dishonest about his pre-existing injuries.

4

R. Civ. P. 16(b)(4). A court may issue any just orders if a party or his attorney "fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1)(C). The Fifth Circuit instructs district courts to weigh four factors when determining whether to exclude evidence for failure to comply with a scheduling order: "(1) the explanation for the party's failure to comply with the discovery order; (2) the prejudice to the opposing party of allowing the witnesses to testify; (3) the possibility of curing such prejudice by granting a continuance; and (4) the importance of the witnesses' testimony." Barrett v. Atlantic Richfield Co., 95 F.3d 375, 380 (5th Cir. 1996).

The plaintiff's expert report deadline was December 21, 2015.[5] The discovery cut-off was January 21, 2016. The plaintiff produced Dr. Voorhies' report to the defendants on January 22, 2016.[6] The plaintiff produced Dr. Lyons' report on January 29, 2016 after seeking treatment for his knee pain for the first time on January 22, 2016.

## III.

The plaintiff offers no explanation for failing to comply with the discovery deadlines. Moreover, the plaintiff fails to

---

[5] Initially, the plaintiff's expert report deadline was November 19, 2015. But the parties agreed to a reciprocal 30-day extension.
[6] The plaintiff also produced a "supplemental" report of the economist Dr. Randolph Rice on the same day. The defendants seek to strike Dr. Rice's report in a separate motion.

explain why his counsel waited over a month – until after the discovery deadline had expired – to deliver Dr. Voorhies December 16, 2015 report recommending the surgeries. Most troubling, the plaintiff does not even attempt to explain why he sought treatment for knee pain for the very first time on January 22, 2016, almost a year and a half after the alleged incident and only two months before trial. The first factor weighs heavily in favor of the defendants.

   The untimely reports vary in prejudice. The defendants have been aware of Dr. Voorhies' recommendation for neck surgery at the C5-6 and C6-7 discs since the plaintiff's demand for payment for those surgeries in June or July of 2015. Likewise, since at least November 9, 2015, the defendants have been aware of Dr. Voorhies' recommendation for a discogram to determine whether the L4-5 and L5-S1 were causing pain in the plaintiff's lower back. Dr. Voorhies' December 16, 2015 recommendation that the plaintiff have back surgery is not highly prejudicial to the defendants. The defendants have already retained an independent neurosurgeon – Dr. Tender - who is familiar with the case and can supplement his report in light of Dr. Voorhies' recommendations. Therefore, the prejudice to the defendants by Dr. Voorhies' December report can be cured by allowing time for the defendants to submit a supplemental report.

Dr. Lyon's report on the plaintiff's knee injury, however, is highly prejudicial. This last minute change of direction leaves the defendants no time to mount an adequate defense. The link between the alleged incident nearly a year and a half ago and the plaintiff's first diagnosis two months before trial is tenuous, at best.

The importance of the untimely reports also varies. Dr. Voorhies' medical analysis of the plaintiff's neck and back is critical to the plaintiff's case. Dr. Lyon's new medical analysis of the plaintiff's knee, however, is strained. Important to the defendants' position is the medical history of the plaintiff's pre-employment injuries. The defendants have pre-employment MRIs of the plaintiff's neck and back. They do not have medical records of the plaintiff's knee.

Finally, the Court considers the plaintiff's request to continue the trial and whether it would cure the prejudice to the defendants. It is the plaintiff who has missed the discovery deadline and withheld Dr. Voorhies' medical report for over a month. The defendants have complied with the scheduling order and have accommodated the plaintiff to extend expert report deadlines. The case has been pending before the Court for over a year. To continue the trial a mere month before it is scheduled due to the plaintiff's delays and attempts to add a new injury at the last minute is not in the interests of justice.

Accordingly, IT IS ORDERED that the plaintiff's motion to continue the trial is DENIED.

IT IS FURTHER ORDERED that the defendants' motion to strike evidence is GRANTED IN PART and DENIED IN PART. Dr. Lyon's January 22, 2016 report concerning the plaintiff's alleged knee pain and all evidence of damages associated with the proposed care and expenses is hereby stricken. Dr. Voorhies' December 16, 2015 report recommending neck and back surgeries shall be permitted.

IT IS FURTHER ORDERED that the defendants may submit a supplemental report within seven days to address Dr. Voorhies' December 16, 2015 report.

New Orleans, Louisiana, February 17, 2016

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE